IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. W-22-CR-132-ADA |
| § | |
| CLIFFORD LEE HOPKINS § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

I. **PROCEDURAL BACKGROUND**

The defendant was found guilty of Escape from Custody in violation of 18 U.S.C. § 751(a). The Court sentenced the defendant to time served; a three-year (3) term of supervised release; and a $100 special assessment. The defendant began his supervision on February 22, 2023. On February 9, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his release and seeking a show-cause hearing as to why the defendant's supervised release should

1

not be revoked. The petition alleges the defendant violated the terms of his release in the following instances:

**Violation Number 1:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Marijuana.

**Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Cocaine.

**Factual Basis:** On October 3, 2024, the defendant reported for an office contact. During the contact, the defendant admitted to illegally using Marijuana and Cocaine. The defendant signed an admission form admitting to the recent use of both illegal substances.

**Violation Number 3:** The defendant violated mandatory condition number 1, in that, on or about March 1, 2024, in Dallas, Texas, the defendant intentionally or knowingly operated another's motor vehicle without the effective consent of the owner, in violation of Texas Penal Code § 31.07, a State Jail Felony.

**Factual Basis:** On March 1, 2024, the victim Taba Ntso contacted the Dallas Police Department and reported his semi-truck, a 2018 Freightliner 1680, was stolen by the defendant. Mr. Ntso reported he last saw the vehicle with the defendant on December 18, 2023. On February 6, 2024, the victim contacted the defendant via phone. The defendant told the victim to stop calling and threatened him. The victim was able to locate his semi-truck last to a location in Killeen, Texas, where the defendant currently lives.

## II.  **FINDINGS OF THE COURT**

At the hearing, the defendant pleaded true to Violations 1 and 2, and no contest to Violation 3. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1)  The defendant violated the conditions of his supervision as alleged in the petition.

2)  The defendant was competent to make the decision to enter a plea to the allegations.

3)         The defendant had both a factual and rational understanding of the proceedings against him.

4)         The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5)         The defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6)         The defendant was sane and mentally competent to stand trial for these proceedings.

7)         The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8)         The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9)         The defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10)        The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11)        The defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12)        The defendant understood his statutory and constitutional rights and desired to waive them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for fifteen months, with no term of supervised

release to follow. The sentence should run concurrent to the sentence in 6:18-CR-281. The defendant should receive credit for time served since his arrest. This sentence is to run concurrently with any state sentence arising from the violations.

## IV.  **WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 13th day of December 2024.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE